# EXHIBIT A

McCANN DILLON JAFFE & LAMB, LLC
BY: ROBERT E. McCANN, ESQUIRE
Identification Number: 65735
PATRICK C. LAMB, ESQUIRE     ATTORNEYS FOR PLAINTIFF
Identification Number: 70817
DAVID S. BIGELOW, ESQUIRE
Identification Number: 326607
Two Penn Center Plaza, Suite 1110     TRIAL BY JURY DEMANDED
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
(215) 569-8488
(215) 569-8288 (fax)

---

| | |
|---|---|
| GERALD MONZO<br>429 East Scenic Road<br>Springfield, PA 19064 | COURT OF COMMON PLEAS<br>DELAWARE COUNTY |
|            Plaintiff<br>v. | NO.: |
| JEANNE LEE<br>310 Butler Road<br>Springfield, Pennsylvania 19064<br>   and<br>ROBERT C. WILSON<br>310 Butler Road<br>Springfield, Pennsylvania 19064<br><br>           Defendants | CERTIFIED A TRUE AND CORRECT<br>COPY FROM THE RECORD<br>THIS 31 DAY OF Jan. A.D. 2024<br>MARY J. WALK, ESQUIRE, DIRECTOR<br>OFFICE OF JUDICIAL SUPPORT |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

NAME:     Delaware County Bar Association
ADDRESS:     Front and Lemon Streets, P.O. Box 466
CITY:     Media, PA. 19063
TEL. NO.     610-566-6625

McCANN DILLON JAFFE & LAMB, LLC
BY: ROBERT E. McCANN, ESQUIRE
Identification Number: 65735
PATRICK C. LAMB, ESQUIRE                         ATTORNEYS FOR PLAINTIFF
Identification Number: 70817
DAVID S. BIGELOW, ESQUIRE
Identification Number: 326607
Two Penn Center Plaza, Suite 1110                TRIAL BY JURY DEMANDED
1500 John F. Kennedy Boulevard
Philadelphia, PA  19102
(215) 569-8488
(215) 569-8288 (fax)

---

| | |
|---|---|
| GERALD MONZO | COURT OF COMMON PLEAS |
| | DELAWARE COUNTY |
| Plaintiff | |
| v. | NO.: |
| | |
| JEANNE LEE and | |
| ROBERT C. WILSON | |
| | |
| Defendants | |

---

## CIVIL ACTION COMPLAINT

1.      Plaintiff, Gerald Monzo (hereafter "Plaintiff") is an adult individual and resident of the Commonwealth of Pennsylvania, residing therein at the address noted above.

2.      Defendant, Jeanne Lee (hereafter "Lee") is an adult individual, and resident of the Commonwealth of Pennsylvania, residing therein at the address noted above.

3.      Defendant, Robert C. Wilson (hereafter "Wilson") is an adult individual, and resident of the Commonwealth of Pennsylvania, residing therein at the address noted above.

4.      At all times relevant hereto, Defendants, Lee and Wilson (hereafter collectively "Defendants") were the owners of a dog that appeared to be a Pitbull or similar breed, which was in their care and/or permitted to remain on the property they own, possess and control located at

310 Butler Road, Springfield, Delaware County, Pennsylvania (hereafter "the premises" or "premises").

5. Before April 2, 2022, it is believed and therefore averred that Defendants had actual knowledge and/or notice of their dog's vicious and/or dangerous propensities.

6. Before April 2, 2022, Defendants were aware of their dog's vicious and/or dangerous propensities which included aggressive unprovoked reactions to persons near the premises, which was never disclosed to Plaintiff.

7. Before April 2, 2022, Defendants were aware that their dog had bitten and/or attacked persons and other dogs without provocation, which was never disclosed to Plaintiff.

8. On or about April 2, 2022, Plaintiff was lawfully walking his dog on the public sidewalk adjacent to the subject premises.

9. At the above time and place, as Plaintiff was lawfully walking his dog on the public sidewalk adjacent to the subject premises, Defendants' dog violently attacked and bit Plaintiff's dog causing Plaintiff's dog to sustain puncture wounds in both rear legs.

10. At the above time and place, as Plaintiff's dog was being attacked by Defendants' dog, Defendants' dog contacted and/or struck Plaintiff's left knee causing Plaintiff to sustain injuries, including but not limited to, to his left knee with aggravation of pre-existing conditions as described more fully below.

11. At the above time and place, Plaintiff was recovering from a surgical procedure to his left knee which predated the incident subject of this Complaint.

12. At all times relevant hereto, and with specific reference to April 2, 2022, Defendants failed to exercise reasonable control or sufficient restraint of their dog despite knowledge and/or notice of the dog's vicious and/or dangerous propensities and the danger that existed to individuals such as Plaintiff, who was a pedestrian lawfully traversing the public sidewalk adjacent to the subject premises.

13. At all times relevant hereto, and with specific reference to April 2, 2022, Defendants failed to warn individuals, including Plaintiff, that their dog was not under reasonable control or sufficient restraint and had vicious and/or dangerous propensities.

14. At all times relevant hereto, and with specific reference to April 2, 2022 Defendants' dog was not under the reasonable control or sufficient restraint of Defendants when he or she attacked Plaintiff.

15. At all times relevant hereto, and with specific reference to April 2, 2022, Defendants knew or should have known that harm was certain to occur or reasonably certain to occur based upon the decision to allow the dog to roam free where pedestrians would be present, without being under the reasonable control of some person, otherwise physically sufficiently restrained, or muzzled; and Defendants acted in conscious disregard of the likelihood of the harm to human beings, such as Plaintiff.

16. The aforementioned incident and attack on Plaintiff was caused solely and exclusively by the negligence of the Defendants and was in no manner due to any act or failure to act on part of the Plaintiff.

17. As a direct and proximate result of the negligence, recklessness, and carelessness of Defendants, the dog violently and aggressively attacked Plaintiff in an unprovoked manner, resulting in severe and permanent injuries to his left knee with aggravation of pre-existing conditions, together with various other injuries, the exact extent of which are unknown at this time, but may be and probably are of a permanent nature with disabilities and loss of function.

18. As a direct and proximate result of the negligence, recklessness, and carelessness of Defendants, Plaintiff has in the past suffered and may in the future suffer great physical pain and anguish; he has suffered a loss of the enjoyment of his usual and daily activities, and has been in the past and may in the future be hindered from engaging in his usual and daily duties, occupations, pleasures and activities.

19. As a direct and proximate result of the negligence, recklessness, and carelessness of Defendants, Plaintiff has been or will be obliged to receive and undergo medical attention and care and to incur various expenses, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future.

20. As a direct and proximate result of the negligence, recklessness, and carelessness of Defendants, Plaintiff has in the past and may in the future suffer an inability to perform his usual and daily duties, labors and avocations, and has suffered wage loss and loss of earning capacity, and may suffer future wage loss and loss of earning capacity.

21. As a direct and proximate result of the negligence, recklessness, and carelessness of Defendants, Plaintiff has incurred veterinarian bills for medical treatment rendered to Plaintiff's dog for puncture wounds sustained in the aforementioned incident.

## COUNT I
## COMMON LAW NEGLIGENCE AND RECKLESSNESS
### *PLAINTIFF V. ALL DEFENDANTS*

22. Plaintiff repeats the allegations contained in all paragraphs of the Complaint and incorporates them by reference herein as if pleaded at length.

23. Defendants' dog displays vicious and/or dangerous propensities, which was demonstrated by its unprovoked, aggressive, and violent attack on Plaintiff which occurred on April 2, 2022.

24. The Defendants had actual knowledge and/or notice of the dog's vicious and/or dangerous propensities.

25. The Defendants failed to take proper or reasonable steps to prevent the dog's vicious and/or dangerous propensities from exhibiting itself to the harm of a human being such as Plaintiff.

26. The Defendants failed to exercise reasonable care in securing the dog to prevent it from injuring a human being such as Plaintiff.

27. The negligent and reckless acts of Defendants includes, but are not limited to:

   (a) Taking and/or permitting the dog to be present on the premises without the physical capacity to manage and control the dog so as to prevent the dog from lunging at and attacking people such as Plaintiff;

   (b) Failing to properly train the dog so as to prevent the dog from exhibiting its vicious and/or dangerous propensities;

   (c) Failing to warn pedestrians and/or other similar individuals, including Plaintiff, of the dog's dangerous and/or vicious proclivities;

   (d) Failing to properly physically restrain and/or confine the dog;

   (e) Failing to muzzle the dog while in the presence of people with whom the dog was unfamiliar;

   (f) Failing to remove the dog after notice of the dog's vicious propensities;

(g) Creating a dangerous situation by bringing and/or permitting the dog to be in close proximity to pedestrians and/or other similar individuals traversing the public sidewalk adjacent to the premises after notice of the dog's vicious and/or dangerous propensities when near such individuals; and

(h) Failing to comply with the requirements of the Dog Law or other various statutes and/or ordinances.

28. As a direct and proximate result of the negligence, recklessness, and carelessness of Defendants, the dog violently and aggressively attacked Plaintiff, without provocation, and caused Plaintiff to sustain serious and permanent injuries as well as other losses that have been described herein.

**WHEREFORE**, Plaintiff, Gerald Monzo demands judgment against Defendants, Jeanne Lee and Robert C. Wilson, individually, jointly and/or severally, in a sum in excess of Fifty-Thousand Dollars ($50,000.00) for compensatory damages and the imposition of punitive damages against Defendants.

## COUNT II
## NEGLIGENCE *PER SE* BASED ON
## VIOLATION OF THE DOG LAW, 3 P.S. § 459-305(a)(3)
### *PLAINTIFF V. ALL DEFENDANTS*

29. Plaintiff repeats the allegations contained in all paragraphs of the Complaint and incorporates them by reference herein as if pleaded at length.

30. Under the Dog Law, 3 P.S. § 459-305(a)(3), it is "unlawful for the owner or keeper of any dog to fail to keep at all times the dog...under the reasonable control of some person, or when engaged in lawful hunting, exhibition, performance events or field training."

31. An unexcused violation of the Dog Law constitutes negligence *per se*.

32. Defendants were owners and/or keepers of the dog at the time of the attack on Plaintiff.

33. In violation of the statute, Defendants failed to keep the dog under their control to prevent it from attacking Plaintiff, a pedestrian lawfully traversing the public sidewalk adjacent to the subject premises.

34. The Defendants' violation of the statute, by failing to have reasonable control over the dog, was a substantial factor in causing the injuries to Plaintiff.

35. As a direct and proximate result of the Defendants' violation of the statute, the dog attacked Plaintiff causing him to sustain serious and permanent injuries as well as other losses that have been described herein.

**WHEREFORE**, Plaintiff, Gerald Monzo demands judgment against Defendants, Jeanne Lee and Robert C. Wilson, individually, jointly and/or severally, in a sum in excess of Fifty-Thousand Dollars ($50,000.00) for compensatory damages and the imposition of punitive damages against Defendants.

### COUNT III
### NEGLIGENCE *PER SE* BASED UPON
### VIOLATION OF THE DOG LAW, 3 P.S. § 459-502-A
### *PLAINTIFF V. ALL DEFENDANTS*

36. Plaintiff repeats the allegations contained in all paragraphs of the Complaint and incorporates them by reference herein as if pleaded at length.

37. Under the Dog Law, 3 P.S. § 459-502-A:

> (a) ... Any person who has been attacked by one or more dogs... may file a complaint before a magisterial district judge, charging the owner or keeper of such a dog with harboring a dangerous dog. The owner or the keeper of the dog shall be guilty of the summary offense of harboring a dangerous dog if the district justice finds beyond a reasonable doubt that the following elements of the offense have been proven:
>
>> (1) The dog has done one or more of the following:
>>
>>> (i) Inflicted severe injury on a human being without provocation on public or private property.

> (ii) Killed or inflicted severe injury on a domestic animal without provocation while off the owner's property.
>
> (iii) Attacked a human being without provocation.
>
> (iv) Been used in the commission of a crime.
>
> (2) The dog has either or both of the following:
>
> > (i) A history of attacking human beings and/or domestic animals without provocation.
> >
> > (ii) A propensity to attack human beings and/or domestic animals without provocation. A propensity to attack may be proven by a single incident of the conduct described in paragraph (1)(i), (ii), (iii) or (iv).
>
> (3) The defendant is the owner or keeper of the dog.

38. An unexcused violation of the Dog Law constitutes negligence *per se*.

39. Defendants were owners and/or keepers of the dog at the time of the attack on Plaintiff.

40. The Defendants' dog inflicted severe injury on the Plaintiff without provocation on a public sidewalk adjacent to the subject premises.

41. The Defendants' dog attacked Plaintiff, a human being, and his dog without provocation.

42. The Defendants' dog has a propensity to attack human beings, and other dogs, without provocation as has been demonstrated by its aggressive and violent attack on Plaintiff and Plaintiff's dog.

43. The Defendants' violation of the statute was a substantial factor in causing the serious and permanent injuries and other losses to Plaintiff.

**WHEREFORE**, Plaintiff, Gerald Monzo demands judgment against Defendants, Jeanne Lee and Robert C. Wilson, individually, jointly and/or severally, in a sum in excess of Fifty-Thousand Dollars ($50,000.00) for compensatory damages and the imposition of punitive damages against Defendants.

## COUNT IV
## NEGLIGENCE *PER SE* BASED UPON
## VIOLATION OF THE DOG LAW, 3 P.S. § 459-505-A
## *PLAINTIFF V. ALL DEFENDANTS*

44. Plaintiff repeats the allegations contained in all paragraphs of the Complaint and incorporates them by reference herein as if pleaded at length.

45. Under the Dog Law, 3 P.S. § 459-505-A(c):

> ATTACKS CAUSING SEVERE INJURY OR DEATH – The owner or keeper of *any dog* that, through the intentional, reckless or negligent conduct of the dog's owner or keeper, aggressively attacks and causes severe injury or death of any human being shall be guilty of a misdemeanor of the first degree.

46. Severe injury under the Dog Law is defined as "[a]ny physical injury that results in broken bones or disfiguring lacerations requiring multiple sutures or cosmetic surgery." 3 P.S. § 459-102.

47. An unexcused violation of the Dog Law constitutes negligence *per se*.

48. Defendants were owners and/or keepers of the dog at the time of the attack on Plaintiff.

49. Through the negligent and reckless conduct of Defendants, that has been described herein, the dog aggressively attacked Plaintiff and Plaintiff's dog, and caused Plaintiff to sustain serious and permanent injuries as well as other losses that have been described herein.

50. As a direct and proximate result of Defendants' violation of the statute, the dog violently, aggressively and without provocation attacked Plaintiff and Plaintiff's dog, and caused

Plaintiff to sustain serious and permanent injuries as well as other losses that have been described herein.

**WHEREFORE**, Plaintiff, Gerald Monzo demands judgment against Defendants, Jeanne Lee and Robert C. Wilson, individually, jointly and/or severally, in a sum in excess of Fifty-Thousand Dollars ($50,000.00) for compensatory damages and the imposition of punitive damages against Defendants.

## COUNT V
## NEGLIGENCE – PREMISES LIABILITY
### *PLAINTIFF V. ALL DEFENDANTS*

51. Plaintiff repeats the allegations contained in all paragraphs of the Complaint and incorporates them by reference herein as if pleaded at length.

52. At all times relevant, Defendants owned, possessed, and controlled the property and premises where the dog attacked Plaintiff.

53. At all times material hereto, Plaintiff was a pedestrian lawfully traversing the public sidewalk adjacent to the subject premises.

54. At all times material hereto, Defendants had actual knowledge and/or notice of the dog's vicious and/or dangerous propensities.

55. At all times material hereto, Defendants had the ability and/or right to control the presence of the dog on their property.

56. Defendants are liable as possessors of the property for the harm caused to Plaintiff by the dog attack because:

> (a) Defendants knew or had reason to know of the dangerous condition created by the failure to confine and/or restrain the dog while near pedestrians lawfully traversing the public sidewalk adjacent to the premises, and should have realized that it involved an unreasonable risk of harm to these individuals, and should have expected that these individuals would not discover or realize the danger;

    (b)    Defendants failed to exercise reasonable care to make the condition safe, by eliminating the presence of the dog on the premises or by warning Plaintiff of the condition and the risk involved; and

    (c)    Plaintiff did not know or have reason to know of the condition and the risk involved.

57.    As a direct and proximate result of Defendants' violation of the statute, the dog violently and aggressively attacked Plaintiff without provocation, and caused him to sustain serious and permanent injuries as well as other losses that have been described herein.

**WHEREFORE**, Plaintiff, Gerald Monzo demands judgment against Defendants, Jeanne Lee and Robert C. Wilson, individually, jointly and/or severally, in a sum in excess of Fifty-Thousand Dollars ($50,000.00) for compensatory damages and the imposition of punitive damages against Defendants.

McCANN, DILLON, JAFFE & LAMB, LLC

BY: _____

ROBERT E. McCANN, ESQUIRE
PATRICK C. LAMB, ESQUIRE
DAVID S. BIGELOW, ESQUIRE
Attorneys for Plaintiff

Dated: March 1, 2023

## VERIFICATION

I, Gerald Monzo, hereby verify that I am the Plaintiff in this action; and have read the foregoing *Complaint* and the statements made therein are true and correct to the best of my knowledge, information and belief. I understand that the statements made herein are subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.



**GERALD MONZO**

DATED: 2/28/2023



**Delaware County Court of Common Pleas**
201 W Front Street
Media PA 19063

| | |
|---|---|
| **Case #** | CV-2024-000081 |
| **Case Title** | 2024 Civil File Room Receipts v. [[Defendant]] |

| | | | |
|---|---|---|---|
| **Receipt #** | 000577400 | **Receipt Date** | 02-01-2024 09:04 AM |
| **Payor** | 2024 Civil File Room Receipts | **Cashier** | AF |
| **Receipted** | $17.00 | **Change Due** | $0.00 |

## Payment Methods

| Method | Card Type | Reference # | Void | Amount |
|---|---|---|---|---|
| Attorney/Firm Check | | 2865 | | $17.00 |
| | | | | **$17.00** |

## Fees

| Name | Assessment # | Case # | Payment | Balance |
|---|---|---|---|---|
| Copy | 793264 | CV-2024-000081 | $17.00 | $0.00 |
| | | | **$17.00** | **$0.00** |

## Balances

| Due From | Case # | Balance |
|---|---|---|
| | | **$0.00** |

**Payor**

2024 Civil File Room Receipts    CV-2024-000081